IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SYLVIA J. ALLEN, | : |
| Plaintiff | : |
| VS. | : |
| | :     3 : 07-CV-100 (CDL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on September 11, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for disability benefits with a protective filing date of August 1, 2003, alleging disability since April 15, 2003, due to problems with a right syndesmosis disruption and avulsion fracture of the fibula; right foot paresthesias and degenerative disc disease of the lumbar spine. Her claim was denied initially and upon reconsideration. Following a hearing on August 29, 2006, the ALJ determined that the plaintiff was not disabled, as she remained capable of performing sedentary work and could return to her past relevant work as a secretary or receptionist.

The plaintiff was born on December 27, 1943, and at all times relevant to her claim was considered an individual closely approaching advanced age. She has a twelfth grade education and past relevant work experience as a cashier, receptionist, clerk, van driver, and teachers aid.

Following an injury to her right ankle in April 2003, the plaintiff maintains that she cannot engage in substantial gainful activity, primarily because of continued pain and numbness in her right ankle and leg. An avulsion fracture was eventually diagnosed and a cast was applied to the plaintiff's ankle following the April 2003 accident. X-rays from May 2003 revealed healing, according to treating physician Dr. Johnson. Plaintiff continued to seek treatment from Dr. Johnson throughout the remainder of 2003, with objective findings showing continued gains in plaintiff's strength but lingering complaints from the plaintiff regarding decreased sensation in her right foot and ankle and trouble with balance. Plaintiff was referred to a neurologist and told to use an ankle brace and a quad cane, and was released to return to light duty work in October 2003. In 2004, the plaintiff's ankle/foot condition continued to improve with physical therapy, although she continued to complain of decreased sensation in her right foot. Dr. Johnson scheduled a physical capacities evaluation in March 2004, which showed that plaintiff was doing light duty work and was not taking any medications, and exhibited a slight limp on her right side. Plaintiff was given an impairment rating of 3% in her right leg, but was found to exhibit normal strength and no instability in her ankle. Although an April 2004 assessment by state agency medical experts indicated plaintiff was capable of light work, the ALJ limited the plaintiff to sedentary work.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The

Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Treating physician's opinion*

The plaintiff argues initially that the ALJ erred in his consideration of the opinion issued by treating physician Dr. Joseph Johnson, who began treating the plaintiff for her ankle injuries in April 2003.  The plaintiff asserts that in January 2007, Dr. Johnson opined that she needed to elevate her leg but that the ALJ ignored this limitation or restriction.  Dr. Johnson's January 2007 statement was submitted only to the Appeals Council and was not submitted for consideration by the ALJ.

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that

we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

The ALJ's decision denying disability status was issued on September 19, 2006, and the statement of Dr. Johnson, a telephone statement, was taken on December 28, 2006. This December 2006 statement is new evidence before this court, having been presented only to the Appeals Council below and not to the ALJ. Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted. Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985). In order to obtain a remand under Sentence Six, the plaintiff must establish that: 1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level. Caulder

v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).[1]

The plaintiff has established neither good cause for her failure to present this evidence earlier in the administrative proceedings or that the evidence is material to the decision at issue. Dr. Johnson's statement was not obtained by the plaintiff until after she had received an unfavorable decision by the ALJ, and there is no indication, either internally or externally, that the statement was not able to be produced earlier in the proceedings. Moreover, the statement that the plaintiff's ankle condition would benefit from her elevating her leg does not appear to be material to the ALJ's decision that the plaintiff remained capable of sedentary work. Dr. Johnson's December 2006, statement shows only that "[t]he need to elevate the leg to help with the swelling at work would be good for [plaintiff] . . . [a]t least ten minutes or so for every hour she has it down." R. at 165. The ALJ, in issuing his final determination, found that the plaintiff could perform sedentary work despite her ankle and back impairments, based in part on Dr. Johnson having "cleared her for sedentary work and stat[ing] on December 2, 2003, that she was getting by at work." R. at 20.

---

[1] In Ingram v. Comm'r. of Social Security Admin., 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit sought to clarify certain prior holdings in Social Security cases that addressed the consideration of new evidence. The court found that "we understand *Keeton [v. Dep't. of Health and Human Serv.*, 21 F.3d 1064 (11th Cir. 1994)] to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." The court further found that "[w]e understand *Falge [v. Apfel,* 150 F.3d 1320 (11th Cir. 1998*)*] to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council." Herein, the plaintiff appears to challenge both the ALJ's decision and the decision of the Appeals Council denying review, after it considered the new evidence at issue. Therefore, the court also reviews whether the decision to deny benefits is supported by substantial evidence in the record as a whole, including evidence submitted to the Appeals Council.

Moreover, the ALJ's decision to deny benefits is also supported by substantial evidence in the record as a whole, including the Dr. Johnson's December 2006 statement.  The objective medical record, including Dr. Johnson's treatment notes, supports the finding that the plaintiff remained capable of performing sedentary work, despite her ankle and back impairments.  Dr. Johnson released the plaintiff to return to work in October 2003 and his treatment notes repeatedly show that her complaints of continued numbness in her right foot and ankle were not explained or supported by the objective medical findings.  Further, plaintiff's own testimony established a varied amount of daily activities, including cooking, and light housekeeping, as well as the need for pain medication occurring only every few days.  Finally, Dr. Johnson's December 2006 opinion regarding plaintiff elevating her leg showed only that such elevation would help her condition, not that same exercise was necessary to her continued functioning.

*Hypothetical*

The plaintiff also argues that the hypothetical posed by the ALJ to the Vocational Expert failed to account for all of her limitations and impairments, in that the ALJ failed to set out her complaints of ankle pain, swelling, and medication side effects.   In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments.  Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985).  "[T]he answer by a VE to a hypothetical question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations."  Holley v. Chater, 931 F. Supp. 840, 851 (S.D.Fla. 1996).  However, as the Commissioner points out, treatment notes do not reflect any significant pain or swelling associated with the plaintiff's ankle or back, and plaintiff testified to rarely taking medication and made no complaints of medication side effects.  Any

failure on the ALJ's part in placing these alleged restrictions in the hypothetical questions posed to the VE was therefore harmless error.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of May, 2009.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb